UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| PIERRE LEMONE DRAPER, : | Case No. 1:23-cv-265 |
| Petitioner, : | |
| vs. : | District Judge Matthew W. McFarland |
| : | Magistrate Judge Karen L. Litkovitz |
| SHERIFF, BUTLER : | |
| COUNTY JAIL, : | |
| Respondent. : | |

**REPORT AND RECOMMENDATION**

Petitioner has filed a petition for a writ of habeas corpus in this Court. (*See* Doc. 1). On May 15, 2023, the Court issued a Deficiency Order requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days. (Doc. 5). Petitioner was also ordered to file a petition setting forth the basis upon which he claims he is entitled to federal habeas relief. (*See id.* at PageID 3). Petitioner was advised that failure to comply with the Deficiency Order would result in the dismissal of this action for lack of prosecution. (*Id.* at PageID 4).

Petitioner subsequently filed a "Motion for Immediate Release from Custody" and a promissory note. (*See* Doc. 7).

On June 15, 2023, the Court issued a second Deficiency Order. (Doc. 10). As noted in the Order, petitioner's "Motion for Immediate Release from Custody" did not contain the required information for a habeas corpus action and the Court is unable to initiate this case on the basis of petitioner's "promissory note." (*See id.* at PageID 16-17). Petitioner was ordered to submit to the Court a completed habeas corpus petition and pay the filing fee of $5.00 or submit

an application and affidavit to proceed without prepaying the filing fee within thirty (30) days. (*Id.* at PageID 17). Petitioner was again advised that "if petitioner fails to comply with this Deficiency Order within the requisite 30-day period, this case shall be dismissed for lack of prosecution." (*Id.*).

To date, more than thirty days after the June 15, 2023 Deficiency Order, petitioner has failed to comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's June 15, 2023 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 7/27/2023

Karen L. Litkovitz
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).